FILED

2010 DEC 17 P 3: 48

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT CALIFORNIA

1  Martin L. Fineman (California State Bar No. 104413)
   DAVIS WRIGHT TREMAINE LLP
2  505 Montgomery St., Suite 800
   San Francisco, California 94111-6533
3  Phone: (415) 276-6500
   Fax: (415) 276-6599
4  E-mail: martinfineman@dwt.com

5  Joseph N. Hosteny *(pro hac vice)*
   Gregory P. Casimer *(pro hac vice)*
6  NIRO, HALLER & NIRO
   181 West Madison, Suite 4600
7  Chicago, IL 60602-4515
   Phone: (312) 236-0733
8  Fax: (312) 236-3137
   E-mail: hosteny@nshn.com
9  E-mail: casimir@nshn.com

E-filing

10 **Attorneys for Plaintiff**
   **DRUGLOGIC, INC.**
11

12                    IN THE UNITED STATES DISTRICT COURT

13              FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                                          CV 10                    5771

   DRUGLOGIC, INC.,                         Case No. _____
15
                        Plaintiff,          **COMPLAINT AND DEMAND FOR**
16                                          **JURY TRIAL**
            v.
17
   ORACLE CORPORATION and
18 PHASE FORWARD, INC.,

19                      Defendants.

20      Plaintiff DRUGLOGIC, INC. ("DrugLogic") hereby complains against Defendants

21 ORACLE CORPORATION ("Oracle") and PHASE FORWARD, INC. ("Phase Forward") as

22 follows:

23      1.      DRUGLOGIC is a Delaware corporation having its principal place of business at

24 11490 Commerce Park Drive, Suite 320, Reston, Virginia 20191.

25

26 DWT 16123015v1 0085000-009631

2.     DRUGLOGIC makes and sells state-of-the art solutions in support of pharmacovigilance and drug safety surveillance practices for both pharmaceutical and biotechnical companies. Its proprietary Qscan product monitors both company proprietary adverse event data and publicly available data sources.

3.     ORACLE, a Delaware corporation headquartered in Redwood Shores, California, is a leading provider of business software and hardware systems. ORACLE serves over 370,000 customers in over 145 countries around the world including customers in California and this judicial district.

4.     Relsys International, Inc. ("RELSYS") was formed as a California corporation in 1987. From 1987 to 2009, RELSYS created and sold drug safety and pharmacovigilance software solutions worldwide. During that time, RELSYS supplied products and systems offering regulatory reporting and drug safety database technology in the health science industry.

5.     On March 23, 2009, ORACLE announced it agreed to acquire RELSYS. The ORACLE acquisition was completed on or about August 3, 2009. Following the completion of the acquisition, RELSYS was merged into ORACLE, on information and belief, through ORACLE's wholly-owned subsidiary, ORACLE SYSTEMS CORPORATION ("ORACLE SYSTEMS"). Relsys (India) Private Limited and Relsys UK Limited are international subsidiaries of ORACLE.

6.     From at least 2004 to 2009, RELSYS made and sold Argus Perceptive, now a component of ORACLE's risk management suite for the life sciences industry. Argus Perceptive helps life sciences companies proactively detect safety signals via real-time monitoring of product-event combinations and provides an integrated platform for real-time risk analysis.

7.     PHASE FORWARD was formed as a Delaware corporation in 1997. From 1997 until 2010 PHASE FORWARD created and sold technology solutions to assist life sciences companies in managing their clinical development process. During that time, PHASE FORWARD supplied products and systems providing a dynamic, visual data mining

COMPLAINT AND DEMAND FOR
JURY TRIAL – CASE NO. _____

- 2 -

DWT 16123015v1 0085000-009631

1

2 environment for detecting signals, uncovering patterns, and recognizing emerging trends in the health science industry.

3     8.     On or about April 15, 2010, ORACLE, PHASE FORWARD, and Pine

4 Acquisition Corporation ("PINE") (a wholly-owned subsidiary of ORACLE) entered into an

5 Agreement and Plan of Merger. Pursuant to that Agreement, PINE was to merge with and into

6 PHASE FORWARD, whereby the separate corporate existence of PINE was to cease and

7 PHASE FORWARD was to become the surviving corporation and a wholly-owned subsidiary of

8 ORACLE. On April 16, 2010, ORACLE issued a press release confirming the Agreement to

9 acquire PHASE FORWARD. ORACLE completed its acquisition of PHASE FORWARD on August 11, 2010.

10

    9.     PHASE FORWARD developed the Empirica Signal application which supports

11 the detection of safety signals through the use of advanced data mining techniques applied to a

12 variety of spontaneous reporting databases, including a company's internal safety database.

13     10.     Prior to their acquisitions by ORACLE, DRUGLOGIC was a direct competitor of

14 both RELSYS and PHASE FORWARD. Now, DRUGLOGIC's Qscan product competes directly

15 with ORACLE's rebranded and repackaged versions of Argus Perceptive and Empirica Signal.

16     11.     ORACLE continues to use the technologies developed by RELSYS and PHASE

17 FORWARD to provide products and services that assist the life science industry in capturing,

18 accessing, managing, and sharing clinical and medical data.

**JURISDICTION AND VENUE**

19

20     12.     This is a complaint for patent infringement under the patent laws of the United

21 States, Title 35 of the United States Code, and for breach of contract under the laws of the State

22 of California. This Court has original jurisdiction over the subject matter of this Complaint

23 under 28 U.S.C. § 1338(a) and supplemental jurisdiction under 28 U.S.C. § 1367(a). Venue in this district is proper under 28 U.S.C. §§ 1400(b) and 1391(b) and (c).

24

25 COMPLAINT AND DEMAND FOR
JURY TRIAL – CASE NO. _____

- 3 -

26 DWT 16123015v1 0085000-009631

1

2

## FIRST CLAIM FOR RELIEF

## PATENT INFRINGEMENT

3

4

5

6

7

13.    DRUGLOGIC owns full right, title and interest in and has the sole and exclusive right to enforce and has standing to sue and recover damages for infringement of U.S. Patent No. 6,789,091 B2 ("the '091 Patent"), entitled "Method and System for Web-Based Analysis of Drug Adverse Effects" (attached as Exhibit A). The '091 Patent was filed on May 2, 2001 and was issued by the United States Patent and Trademark Office on September 7, 2004.

8

9

10

11

14.    ORACLE has infringed at least independent claims 1, 2, 8 and 9 of the '091 Patent under 35 U.S.C. § 271(a) by making, using, importing, selling, or offering to sell Oracle Argus Perceptive and related products and services. Discovery of material currently in the sole possession, custody, and/or control of ORACLE will likely lead to evidence of direct infringement of other claims of the '091 Patent under 35 U.S.C. § 271(a).

12

13

14

15

16

17

15.    As the successor in interest to RELSYS, ORACLE is also liable for the past infringement by RELSYS of at least independent claims 1, 2, 8 and 9 of the '091 Patent under 35 U.S.C. § 271(a) by making, using, importing, selling, or offering to sell Argus Perceptive between September, 2004 and August, 2009. Discovery of material currently in the sole possession, custody, or control of ORACLE will likely lead to evidence of direct infringement of other claims of the '091 Patent under 35 U.S.C. § 271(a).

18

19

20

21

22

23

16.    Upon information and belief, ORACLE has also actively induced third parties, including purchasers of products and related services for the RELSYS, PHASE FORWARD and ORACLE products described above, to infringe at least independent claims 1, 2, 8 and 9 of the '091 Patent under 35 U.S.C. § 271(b) by providing, operating and/or promoting and assisting in the use of Oracle Argus Perceptive and related products and services. Discovery of material currently in the sole possession, custody, or control of ORACLE will likely lead to evidence of indirect infringement of other claims of the '091 Patent under 35 U.S.C. § 271(b).

24

25

26

17.     PHASE FORWARD has infringed at least independent claims 1 and 8 of the '091 Patent under 35 U.S.C. § 271(a) by making, using, importing, selling, or offering to sell its Empirica Signal application. Discovery of material currently in the sole possession, custody, or control of PHASE FORWARD will likely lead to evidence of direct infringement of other claims of the '091 Patent under 35 U.S.C. § 271(a).

18.     Upon information and belief, PHASE FORWARD has also actively induced third parties, including purchasers of products and related services for the Empirica Signal application described above, to infringe at least independent claims 1 and 8 of the '091 Patent under 35 U.S.C. § 271(b) by providing, operating, and/or promoting and assisting in the use of the Empirica Signal application and related products and services. Discovery of material currently in the sole possession, custody, or control of PHASE FORWARD will likely lead to evidence of indirect infringement of other claims of the '091 Patent under 35 U.S.C. § 271(b).

19.     Prior to this action, RELSYS, PHASE FORWARD, ORACLE SYSTEMS, and ORACLE were aware of the '091 Patent and had actual notice of DRUGLOGIC's infringement claims. ORACLE has continued its actions despite an objectively high likelihood that these actions constituted infringement of the '091 Patent. This likelihood was known or was so obvious that it should have been known by them. Accordingly, ORACLE's infringement and inducement to infringe has been willful and deliberate.

20.     DRUGLOGIC has been injured by the infringement caused by ORACLE and PHASE FORWARD and is entitled to damages adequate to compensate it for all of the infringement that has occurred. The unlawful acts of infringement of the claims of the '091 Patent by ORACLE and PHASE FORWARD will continue unless enjoined by this Court.

### FIRST CLAM FOR RELIEF

### REQUESTED RELIEF

WHEREFORE, DRUGLOGIC requests that a judgment be entered as follows:

A.     A finding that Defendants have infringed the '091 Patent;

COMPLAINT AND DEMAND FOR
JURY TRIAL – CASE No. _____

- 5 -

DWT 16123015v1 0085000-009631

1

2           B.      An injunction prohibiting Defendants, and all those acting in

   concert or participation with Defendants from further acts of infringement of the

3   '091 Patent;

4           C.      An award to DRUGLOGIC of such damages as it can prove at trial

5   against Defendants sufficient to fully and adequately compensate it for the acts of

6   infringement that have occurred, said damages to be no less than a reasonable

7   royalty with respect to each entity found to infringe any asserted claim of the '091

8   Patent;

9           D.      An augmented award to DRUGLOGIC for any damages so

   determined that are found for willful infringement, pursuant to 35 U.S.C. § 284,

10   together with prejudgment interest;

11          E.      An award to DRUGLOGIC of costs and its reasonable attorneys'

12   fees; and

13          F.      Such other relief as this Court and the jury may determine to be

14   proper and just.

15                          **SECOND CLAIM FOR RELIEF**

16                             **BREACH OF CONTRACT**

17   21.    DRUGLOGIC incorporates by reference the allegations of paragraphs 1- 12.

18   22.    This is an action for breach of contract under the laws of the State of California.

19   23.    On December 22, 2004, DRUGLOGIC and RELSYS entered into a Co-Marketing

   and Development Agreement ("CMDA").

20   24.    The CMDA was amended once on May 28, 2008. By the amendment, the parties

21   agreed that all CMDA terms not expressly amended "shall continue in full force and effect, as

22   though the Agreement had not terminated by its terms pursuant to Section 7.1 thereof."

23   25.    The CMDA contained provisions for "Confidential Information" that were not

24   expressly amended by the May 28, 2008 amendment.

25   COMPLAINT AND DEMAND FOR                                                    - 6 -
   JURY TRIAL – CASE NO. _____
26
   DWT 16123015v1 0085000-009631

26. The CMDA as amended is a valid and binding contract between DRUGLOGIC and RELSYS.

27. Under the CMDA, DRUGLOGIC provided confidential information to RELSYS including code associated with DRUGLOGIC's pharmacovigilance and signal detection tools.

28. RELSYS owed a duty to DRUGLOGIC under the CMDA to secure and protect DRUGLOGIC's confidential information and avoid disclosing or selling the confidential information to any third party.

29. However, RELSYS breached the CMDA by failing to protect DRUGLOGIC's confidential information and by disclosing and selling the confidential information to third parties including ORACLE.

30. RELSYS' breach of the CMDA caused harm to DRUGLOGIC including the loss of sales, loss of market share and other harm to be proven at trial.

31. DRUGLOGIC has performed its duties under the CMDA.

32. DRUGLOGIC will continue to be harmed by RELSYS's breach unless ORACLE is enjoined from further use of DRUGLOGIC's confidential information.

## SECOND CLAIM FOR RELIEF

## REQUESTED RELIEF

WHEREFORE, DRUGLOGIC requests that a judgment be entered as follows:

    A. A finding that ORACLE has breached the CMDA;

    B. An injunction prohibiting ORACLE, and all those acting in concert or participation with ORACLE from further use of DRUGLOGIC's confidential information;

    C. An award to DRUGLOGIC of such damages as it can prove at trial against ORACLE;

COMPLAINT AND DEMAND FOR
JURY TRIAL – CASE NO. _____

DWT 16123015v1 0085000-009631

- 7 -

1

2          D.     An award to DRUGLOGIC for any exemplary, special, incidental

3    or punitive damages, together with prejudgment interest, as it may be entitled to

     by law;

4          E.     An award to DRUGLOGIC of costs and its reasonable attorneys'

5    fees; and

6          F.     Such other relief as this Court and the jury may determine to be

7    proper and just.

8                                    NIRO, HALLER & NIRO

9                                    DAVIS WRIGHT TREMAINE

10                                   By:

11                                       Martin L. Fineman
                                         Attorneys for Plaintiff
12                                       DRUGLOGIC, INC.

13

14                              **JURY DEMAND**

15   A trial by jury is hereby demanded on all issues triable to a jury in this case.

16

17                                   NIRO, HALLER & NIRO

18                                   DAVIS WRIGHT TREMAINE

                                     By:
19                                       Martin L. Fineman
                                         Attorneys for Plaintiff
20                                       DRUGLOGIC, INC.

21

22

23

24

25   COMPLAINT AND DEMAND FOR                                              - 8 -
     JURY TRIAL – CASE NO. _____
26   DWT 16123015v1 0085000-009631